United States District Court
Middle District of Florida
Jacksonville Division

**UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

    *Plaintiff,*

**GILLIS JOHN CARBIN, JR,**

    *Plaintiff-Intervenor,*

V.     NO. 3:21-cv-438-TJC-PDB

**C AND C POWER LINE, INC.,**

    *Defendant.*

## Order

The United States Equal Employment Opportunity Commission and Gillis Carbin allege C and C Power Line, Inc., subjected him to a hostile work environment, otherwise discriminated against him, and retaliated against him for complaining. Docs. 1, 16. Pending before the Court are:

- C&C's motion for a protective order (Docs. 35, 41) and the EEOC's response (Doc. 45);

- The EEOC's motion to amend the complaint (Doc. 47) and C&C's response (Doc. 60);

- C&C's motion to compel (Doc. 48) and the EEOC's response (Doc. 61);

- The EEOC's first motion to compel (Doc. 49);

- The joint motion for an extension of case management deadlines (Doc. 50);

- The EEOC's motion for an extension of time to submit a rebuttal expert report (Doc. 51) and C&C's response (Doc. 53);

- The EEOC's second motion to compel (Doc. 62); and

- The motion to withdraw as counsel for C&C (Doc. 64).

The Court heard arguments on some of the motions. Doc. 65. The EEOC withdrew its second motion to compel and C&C withdrew its objection to the EEOC's motion for an extension of time.

The Court considers **withdrawn** the EEOC's second motion to compel, Doc. 62; **defers** ruling on the other motions to compel, Docs. 48, 49, until after the parties' mediation on June 7, 2022; and addresses the remaining motions, Docs. 35, 47, 50, 51, 64.

## Background

The EEOC and Carbin allege the following facts. Carbin was harassed by C&C employees, including supervisors. Doc. 1 ¶¶ 13–24; Doc. 16 ¶¶ 10–21. Harassment included using racially derogatory terms, threatening him with nooses, precluding him from attending crane school, and assigning him menial or no tasks. Doc. 1 ¶¶ 13, 14, 18, 20–24; Doc. 16 ¶¶ 10, 11, 15, 17–21. One day, when he had no work to do, he fell asleep in a company truck while taking cover from the rain. Doc. 1 ¶¶ 24–25; Doc. 16 ¶¶ 21–22. He was then terminated and told it was for sleeping on the job. Doc. 1 ¶ 25; Doc. 16 ¶ 22.

C&C denies the allegations and asserts affirmative defenses, including that Carbin was terminated for legitimate, nondiscriminatory business reasons; the conduct complained of was reasonable, justified, and in good faith;

and C&C has made good-faith efforts to prevent retaliation in the workplace. Docs. 24, 27.

### C&C's Motion for a Protective Order (Doc. 35)

The EEOC served two subpoenas on Arthur Joia: (1) a subpoena requesting "[d]ocuments constituting agreements entered into" with C&C "bearing on allegations of discrimination, harassment, and/or retaliation"; his employment with C&C; "and/or changes to the status of" his employment with C&C, Doc. 35-1; and (2) a subpoena to provide testimony. *See generally* Doc. 35. Joia is a former C&C employee who allegedly experienced similar harassment and settled with C&C. Doc. 35 at 6–7; Doc. 45 at 4–5.

C&C moved for a protective order quashing or modifying the subpoenas and limiting the topics of Joia's deposition to prevent questioning about matters occurring after Carbin's employment ended and of which Carbin was unaware before his termination (including the settlement agreement between Joia and C&C). *See generally* Doc. 35. After the motion was filed, C&C learned Joia is no longer a Florida resident and resides in Massachusetts. Doc. 41 at 6. C&C concedes the Court lacks jurisdiction to quash or modify the testimony subpoena and argues the document subpoena is defective as drafted because Joia resides more than 100 miles away from the place of production (Miami). Doc. 41 at 6–9. C&C now requests a protective order limiting the scope of discovery under Federal Rule of Civil Procedure 26(b)(1); specifically, "prohibiting the EEOC from seeking the production of documents or the testimony of any witness, including Mr. Joia, related to events that cannot be relevant to the claims brought on behalf of Mr. Carbin." Doc. 41 at 11. The EEOC asserts this Court has jurisdiction to enter a protective order under Rule 26. Doc. 45 at 2–4.

"Unless otherwise limited by court order … parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). A party from whom discovery is sought may move for a protective order, and the court may, for good cause, issue an order to protect the party from undue burden or expense, including by forbidding the disclosure or discovery, limiting the scope of the disclosure or discovery, and specifying the terms for the disclosure of discovery. Fed. R. Civ. P. 26(c)(1).

The Court **grants in part** and **denies in part** the motion for protective order, Doc. 35.

Having reviewed ex parte and in camera the settlement agreement between C&C and Joia, Doc. S-40, and considering the policy interests associated with protecting the confidentiality of settlement agreements and the limited relevancy of the agreement to the claims and defenses here, the motion is **granted** to the extent discovery must exclude the production of the settlement agreement between Joia and C&C.

The motion is otherwise **denied**. Joia knows facts relating to the EEOC's and Carbin's claims and to C&C's defenses. C&C may object to particular questions during Joia's deposition as warranted. The Court provides no opinion on whether the subpoenas comply with the rules.

### The EEOC's Motion to Amend the Complaint (Doc. 47)

The EEOC moves to amend the complaint to add Power Corporation of America (PCA) and The Goldfield Corporation as defendants, arguing they are single employers or integrated enterprises and joint employers with C&C. Doc.

4

47. C&C disagrees and further argues the amendment is based on no new discovery and would unduly delay the proceedings and prejudice C&C. Doc. 60.

A "court should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule requires a court to freely give leave to amend unless there is an "apparent or declared reason" to do otherwise, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Granting leave to amend would be futile if the complaint as amended would be properly dismissed. *EEOC v. STME, LLC*, 938 F.3d 1305, 1320 (11th Cir. 2019).

Applying the liberal amendment standard, the Court **grants** the motion to amend, Doc. 47. The motion was filed before the deadline to add parties or otherwise amend the pleadings expired. *See* Doc. 30 (amended case management and scheduling order). Whether PCA and Goldfield are single employers or integrated enterprises and joint employers with C&C is a fact-intensive inquiry. At this stage, the alleged facts presented by the EEOC state at least plausible claims against the entities. Although the EEOC possessed information needed to name PCA and Goldfield as defendants well before filing the motion, the Court discerns no bad faith or dilatory motive. And considering the procedural posture of the case, C&C's agreement to extend the deadline to amend pleadings to May 2022, and the liberal amendment standard, no undue prejudice is apparent.

The Court **directs** the EEOC to file the amended complaint, Doc. 47-1, as a standalone docket entry by **June 3, 2022**.

### Unopposed Motions for an Extension of Time (Docs. 50, 51)

Without opposition, the EEOC requests a six-week extension of the deadline to disclose its rebuttal expert report, Doc. 50, and the parties request a six-month extension of the remaining deadlines, Doc. 51.

Under Rule 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent."

Here, based on the circumstances described in the motions, the Court finds good cause and **grants** the motions, Docs. 50, 51, to the extent the current case management deadlines are **vacated** and a second amended case management and scheduling order will enter.

### Unopposed Motion to Withdraw as Counsel (Doc. 64)

Proceeding under Local Rule 2.02(c) and without opposition, April Boyer, Esquire, moves to withdraw as C&C's counsel, and Demian Betz, Esquire, and Charles Meyer, Esquire, ask the Court to substitute them as counsel. Doc. 64.[*]

"A lawyer's pleading, motion, or other paper serves as that lawyer's appearance in an action." Local Rule 2.02(b)(1). Messrs. Betz and Meyer have filed papers in this action and thus are considered counsel of record.

Because C&C consents to the withdrawal, the EEOC and Carbin have no objection, and granting the relief will not affect case management, the Court

---

[*]The motion purports to be from C&C, and C&C asks the Court to permit the law firm where Ms. Boyer works to withdraw and the law firm where Messrs. Betz and Meyer work to be substituted in the other law firm's place. Because the withdrawing lawyer must move to withdraw and only a lawyer (not a law firm) can represent a party, the Court treats the motion as one by Ms. Boyer and concerning only Ms. Boyer.

**grants** the motion, Doc. 64, **permits** Ms. Boyer to withdraw, and **directs** the clerk to modify the docket accordingly.

**Ordered** in Jacksonville, Florida, on June 2, 2022.

PATRICIA D. BARKSDALE
United States Magistrate Judge